LUNSFORD DOLE PHILLIPS #4407
7 Waterfront Plaza, Suite 400
500 Ala Moana Blvd.
Honolulu, Hawaii 96813
lunsfordp001@hawaii.rr.com
Telephone: (808) 543-2055
Fax: 543-2010

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRYCE MACNAUGHTON<br>          Plaintiff,<br><br>     vs.<br><br>E NOA CORPORATION and<br>JCB INTERNATIONAL CREDIT<br>CARD CO., LTD.<br>          Defendants. | CIVIL NO.<br><br>AMENDED COMPLAINT |

Plaintiff BRYCE MACNAUGHTON, through his undersigned counsel, avers and alleges as follows:

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because a federal question is raised herein, namely the alleged violation of the Americans With Disabilities Act of 1990 as amended (hereinafter "ADA"), 42 U.S.C. § 12101 et seq., and has pendant jurisdiction over the parallel state law claim.

2. All events material hereto occurred in the District of Hawaii.

3. Defendant E NOA CORPORATION (hereinafter "E NOA") is a domestic profit corporation duly registered with the State of Hawaii for "tour transportation" and operates several transportation providers on Oahu, including the Waikiki Trolley under the names of various colors such as the Pine Line, Red Line, Blue Line or Green Line.  E NOA is a public accommodation subject to the federal and state statutes prohibiting discrimination based on disability.

4. Defendant JCB INTERNATIONAL CREDIT CARD C., LTD. (hereinafter "JCB") is a foreign profit corporation duly registered with the State of Hawaii for "credit card related services" and offers the transportation services provided by E NOA as part of such services.  JCB is a public accommodation subject to the federal and state statutes prohibiting discrimination based on disability.

5. Plaintiff BRYCE MACNAUGHTON ( hereinafter "Plaintiff") was and is a qualified person with a disability.  He had and has orthopaedic problems making him susceptible to falling without warning.

6. On February 9, 2015 Plaintiff was denied the full and equal enjoyment of the defendants' services by the driver of an E NOA vehicle due to being assisted by his service dog.

7. On February 13, 2015 Plaintiff was again denied the full and equal enjoyment of the defendants' services by the driver of an E NOA vehicle due to being assisted by his service dog.

8. Plaintiff's service dog had been trained to assist him when he has fallen.  Plaintiff had documentation that indicates that his service dog was so trained.

9. On February 9th Plaintiff, his wife, and their infant tried to board an E NOA vehicle with his service dog.  The driver refused to allow Plaintiff to board

2

with his service dog. Plaintiff identified the animal as a service dog and proffered his service animal ID card. The driver again refused permission for Plaintiff to board with his service dog, insisting he wait for the next E NOA vehicle.

10. When another E NOA vehicle arrived, Plaintiff tried to board with his family and his service dog. That driver also refused permission for Plaintiff to board with his service dog. Plaintiff again identified the animal as a service dog and proffered his service animal ID card. The driver repeated his decision to deny Plaintiff permission to board his vehicle accompanied by his service dog.

11. On February 13th Plaintiff, his wife, and their infant tried to board an E NOA vehicle. As they approached the vehicle's open doors, the driver told them that no "pets" were allowed on the vehicle. Plaintiff proffered his service dog documentation to the driver who refused to even look at them. Instead the driver closed the vehicle doors in their faces and drove off.

12. By denying Plaintiff the full and equal enjoyment of the defendants' services on repeated occasions without legal justification, E NOA and JCB have violated ADA, 42 U.S.C. § 12182, and the related state law, Hawaii Revised Statute § 489-3.

13. To remedy the defendants' violations of Plaintiff's fundamental civil rights he requests equitable relief pursuant to 42 U.S.C. § 12188 and H.R.S. § 489-7.5 in the form of effective, immediate, and continuing training of all of the defendants' employees who interact with the public on applicable civil rights laws.

14. To compensate Plaintiff for the defendants' unlawful deprivation of his civil rights and consequent non-physical injury proximately caused by the defendants, he seeks the full damages provided for by H.R.S. § 489-7.5.

15. Furthermore Plaintiff seeks his attorney's fees and litigation costs pursuant to 42 U.S.C. § 12205 and H.R.S. §489.7.5.

16. Plaintiff has exhausted his administrative remedies by timely filing a charge with the Hawaii Civil Rights Commission, HCRC No. PA-O-0822, and after receiving his Notice of Dismissal and Right to Sue dated September 10, 2015, he now timely files this suit.

DATED: Honolulu, Hawaii, 11/24/15.

/s/  LUNSFORD DOLE PHILLIPS
    Attorney for Plaintiff